Catron, J.
delivered the opinion of the court.
Walker sued Jones and Kimbro, upon a receipt in *430 form, though a special agreement in substance, before a justice of the peace of Rutherford county. The cause, by appeal, went through the county and circuit courts, and, by a writ of error, came to this court. The plaintiff recovered below, by the verdicts of the juries, in both courts.
The plaintiffs in error, in the receipt, say they have received from Walker three hogsheads of tobacco, which they will freight for him to New Orleans, and, if they bear inspection, pay him the price they may sell for, on their return. This is the substance of the undertaking, on which this action was predicated. Was the plaintiff, Walker, entitled to recover upon this paper alone?
The defendants were bound to pay, at all events, unless the tobacco was condemned at New Orleans, by the public inspectors: and this being a matter resting in the knowledge of the defendants, they were bound to prove the fact, by way of defence; the plaintiff, Walker, being entitled to recover, prima facie, upon the special agreement. Without any other fact appearing, the justice had, clearly, jurisdiction of the cause which was brought before him to recover the value of the three hogsheads of tobacco, or so much of the money as remained unpaid. By way of defence, it was proved that two of the hogsheads had been paid for, and that one only had not been accounted for. This appeared to have been lost in the following manner, as was shown very clearly by the proof of the plaintiff, Walker, himself. The lost hogshead was delivered to Jones and Kimbro, as set forth in the receipt, but was not by them put on board of their boat, for the reason that it could not be found in the warehouse where it was stored, the warehouse keeper having sent it off by mistake as the property of some other person. Therefore, this hogshead was never sold by Jones and Kimbro; and they say this action cannot be supported against them for money had and received.
The defendants, as bailors and agents, agreed safely to *431 freight to market the tobacco, then to sell the same, and pay over the proceeds to the plaintiff, Walker.
For the non-performance of this, there could not have been more than three legal excuses made. 1. The act of Providence. 2. The enemies of the State might have destroyed the property, when, as carriers, the defendants would have been excused. 2 Com. on Con. 291, 320. 3. The tobacco not having passed inspection in the New Orleans market. These are believed to be the only excuses that could be set up as a legal defence to the payment of the money, promised tobe paid by Jones and Kimbro, to Walker, on the delivery of the tobacco. It lay upon the defendants to show either of them. They not having done this, are liable to pay for the lost hogshead, as if sold at New‘Orleans, and the money received by them.
It is objected that the court erred in permitting the paper evidencing the contract to be read, without proof of its execution; the court having required the defendants to deny its execution upon oath, before proof thereof could be required. The act of 1819, ch. 24, sec. 4, applies to papers which are the foundation of the action; this paper was clearly so, and full proof prima facie to authorize the plaintiff to recover. Here we think the paper well admitted.
It was insisted, that a former suit had been brought by Walker, before a justice of the peace, for the same cause of action, against Jones and Kimbro. This was offered to be proved by parol: no judgment, as it plainly appears, had been entered by the justice; but when he intimated his opinion against the plaintiff, he withdrew his cause and paid the costs. We view this as a dismissal of his suit, by the plaintiff, and no bar to his action. Therefore, if the evidence had been received, it proved nothing, was immaterial, and well rejected. We also think it well rejected, because a judgment must be in writing, in some form. The evidence was offered to prove a judgment or opinion of the justice in writing, which cannot be *432 done in such a case as the present. We can see no sufficient reason for reversing the judgment, and order it to be affirmed.
Judgment affirmed.